# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Scott R. Welch, <br><br> Petitioner, <br> v. <br><br> Warden, Turbeville Correctional Institution, <br><br> Respondent. | Case No. 2:24-cv-4670-RMG <br><br><br> **ORDER** |

Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge (Dkt. No. 20) recommending that Petitioner's habeas petition be dismissed with prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. Respondent filed a motion for summary judgment on January 6, 2025, asserting that Plaintiff's petition failed to state a basis for relief under 28 U.S.C. § 2254. (Dkt. Nos. 14, 15). The Magistrate Judge issued a *Roseboro* order, advising Petitioner of the potential consequences if he failed to adequately respond to the motion. The response was due on February 6, 2025, and Plaintiff provided no response. The Magistrate Judge thereafter issued an order extending Petitioner's response time until March 3, 2025. The Magistrate Judge warned Petitioner that if he failed to timely respond his petition could be dismissed under Rule 41(b). (Dkt. No. 18). Plaintiff again did not respond. The Magistrate Judge then issued this R & R, recommending the dismissal of the petition on the basis of Petitioner's failure to prosecute. Petitioner was given notice with the R & R that he had 14 days to file written objections and the failure to timely file written objections would result in only clear error review by the district court and a waiver of the right to appeal the district court's order. (Dkt. No. 20 at 3). Petitioner filed no objections to the R & R.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**Discussion**

The Court finds that the Magistrate Judge properly summarized the factual and legal issues involved in Petitioner's failure to prosecute and correctly concluded that the petition should be dismissed with prejudice under Rule 41(b).

**Conclusion**

In light of the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 20) as the order of the Court and **DISMISSES** the Petitioner's petition for habeas relief under § 2254 with prejudice for failure to prosecute.

**AND IT IS SO ORDERED.**

                                             s/ Richard Mark Gergel
                                             Richard Mark Gergel
                                             United States District Judge

March 26, 2025
Charleston, South Carolina